UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS
*Sherman Division*

| | |
|---|---|
| **CHARLES R. BOURQUE** | **CIVIL ACTION NO. 4:22-cv-00698** |
| **VERSUS** | |
| | **JUDGE SEAN D. JORDAN** |
| **C. PEPPER LOGISTICS, LLC; INDEPENDENT SERVICE PROVIDER, LLC; and JAMES L. PEPPER** | |

**PLAINTIFF'S MOTION TO COMPEL WITH INCORPORATED MEMORANDUM IN SUPPORT**

NOW INTO COURT through undersigned counsel come Plaintiff, Charles R. Bourque, ("Bourque" or "Plaintiff") who respectfully moves this Court for an Order compelling Defendants C. Pepper Logistics, LLC, Independent Service Provider, LLC, and James L. Pepper to produce all documents responsive to requests for production numbers three (3) and eight (8) including, *but not limited to* Annette Leblanc's manager file for Plaintiff, Plaintiff's application/(s) for employment with C. Pepper Logistics, LLC and Independent Service Provider, LLC; all of Plaintiff's fuel receipts, and all underlying documents and/or evidence used to calculate all deductions from Plaintiff Charles Bourque's compensation. Plaintiff further prays that an order issue herein requiring Defendants to pay Plaintiff's reasonable attorneys' fees incurred in bringing the instant motion. Plaintiff respectfully submits that good cause exists for the filing and granting of this motion as set forth below.

**I.    INTRODUCTION**

Plaintiff, Charles R. Bourque, ("Bourque" or "Plaintiff") respectfully submits this Memorandum in Support of his Motion to Compel Defendants C. Pepper Logistics, LLC ("C.

1

Pepper"), Independent Service Provider, LLC ("ISP"), and James L. Pepper to produce all documents responsive to requests for production numbers three (3) and eight (8). After Defendants failed to produce virtually any documents responsive to Plaintiff's requests for production of documents, the parties held a Rule 37 discovery conference on April 19, 2023 and an additional telephone conference concerning the parties' ongoing discovery disputes was had with this Court on May 26, 2023. During the April 4, 2023 deposition of Annette LeBlanc, Ms. LeBlanc testified to the existence of Bourque's manager file, and application, and testified that Bourque provided her with all of his fuel receipts. These documents are responsive to Plaintiffs' requests for production and Defendants have withheld same. Further, Defendants subsequently produced a "Transaction Detail" indicating the amounts of all deductions from Bourque's compensation, but the relevant underlying documents used to calculate those deductions have not been, and should be, produced. For the reasons set forth below, this motion should be granted, and Defendants should be ordered to produce full and complete discovery responses to requests for production numbers 3 and 8, all documents responsive to these discovery requests, and should be ordered to pay Plaintiff's reasonable attorney's fees and costs for bringing this motion as their failure to fully answer Plaintiffs' discovery requests is not justified. Fed R. Civ. P. 37(a)(5)(A)(ii); *Butowsky v. Folkenflik*, 2020 U.S. Dist. LEXIS 267938, at *30-31 (E.D. Tex. Aug. 25, 2020).

## II.     RELEVANT BACKGROUND

Defendants have failed to produce all documents responsive to requests 3 and 8 (which sought all correspondence notes, letters, text messages, emails, and documents of any kind regarding Plaintiff and all records, letters, notes, receipts and documents of any kind provided to Defendant, from Plaintiff, regarding his fuel expenses and/or fuel purchases, respectively).

On February 17, 2023, Plaintiff served Defendants with their first set of discovery

requests.[1] Defendants' deadline to respond was later extended to April 3, 2022. On April 3, 2023, Defendants provided their written discovery responses.[2] After Defendants failed to produce virtually any documents responsive to Plaintiff's requests for production, undersigned counsel sent Defendants an email on April 19, 2023, and had a discovery conference with defense counsel later that day.[3]

On May 26, 2023, the Court held a telephone conference with the parties about this discovery dispute.[4] Concerning the issue of Defendants' failure to produce responsive documents to Requests for Production Numbers 3 and 8, the Court advised Defendants' counsel to "carefully search all physical and electronic records once again, retrieve all records pertaining to Plaintiff, and then produce documents that are responsive to the requests for production and non-privileged."[5] The Court also stated that, "[i]f any party concludes that a motion to compel is necessary to obtain needed information on the above issues, they may file such a motion" and that the informal meeting requirement prior to filing a motion to compel had been met.[6]

In Defendants' June 19, 2023 supplemental response to interrogatory number 2, Defendants identified Annette LeBlanc as a person who had the authority to hire ISP and/or C. Pepper employees and/or independent contractors who worked out of the same location or terminal as Plaintiff for the period of January 12, 2018 to September 2019.[7] During the April 4, 2023 deposition of Ms. LeBlanc, she testified that she was Plaintiff's supervisor and that she participated in the onboarding process for ISP and C. Pepper.[8] Ms. LeBlanc also testified that this onboarding

---

[1] Ex. A (Plaintiff's First Set of Discovery)
[2] Ex. B (Defendant's discovery responses)
[3] Ex. A1 (email)
[4] Ex. C (May 26, 2023 minute entry)
[5] Id.
[6] Id.
[7] Ex. D (Defendants' Supplemental Responses to Plaintiff's 1st Set of Discovery)
[8] Ex. E, Deposition of Annette LeBlanc (April 4, 2023) at 40, 68

process involved having the drivers "fill out the application" with "their information,"[9] which she would keep within a manager file that she maintained for Plaintiff.[10] Ms. LeBlanc further testified that Bourque produced his weekly fuel receipts to her, which she filed away.[11] Accordingly, Defendants have failed to comply with this Court's prior Order to "carefully search all [of its] physical and electronic records," and have failed to produce all documents responsive to these discovery requests.

### III.    THE DISCOVERY REQUESTS AT ISSUE

The specific discovery requests at issue in this motion, along with Defendants' responses are as follows:

REQUEST FOR PRODUCTION NO. 3

Produce a copy of any and all correspondence, notes, letters, text messages, emails, and documents of any kind regarding Plaintiff, <u>including, but not limited to</u>, the work he provided to you and his compensation.

RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

Defendants object to this Request as it is overly broad and is not sufficiently particular in its description to enable Defendants to determine with reasonable certainty what Defendants are being called upon to produce. Defendants further object to this Request to the extent it is overly broad and requests documents or such other tangible things which are not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request as being overly broad, vague, and ambiguous in that it fails to describe the information requested with reasonable particularity, and as such amounts to nothing more than a fishing expedition.

---

[9] Ex. E at 40
[10] Ex. E at 42, 68
[11] Ex. E at 96

Defendants further object to this Request for the reason that it is too general as it is not limited in time, scope, or geographic location. Subject to the foregoing without waiving same, Defendants have no responsive documents in their possession, custody or control.

SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 3

Defendants have no responsive documents in their possession, custody or control.

REQUEST FOR PRODUCTION NO. 8

Produce all records, letters, notes, receipts and documents of any kind provided to you, from plaintiff, regarding his fuel expenses and/or fuel purchases.

RESPONSE TO REQUEST FOR PRODUCTION NO. 8

Defendants object to this Request because such documents are readily available to both parties. If a moving party can get the desired documents or information without resort to discovery, good cause does not exist for producing same. Defendants further object to this Request for the reason that it is too general in that it is not limited in time, scope, or geographic location. Subject to the foregoing without waiving same, Defendants have no responsive documents in their possession, custody or control.

SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 8

Defendants have no responsive documents in this possession, custody or control.

### IV. LEGAL STANDARDS

**A. Scope of Discovery and Depositions**

Fed. R. Civ. P. 26(b)(1) provides in pertinent part that:

> . . . Parties may obtain discovery regarding <u>any</u> *nonprivileged matter* that is *relevant* to any party's claim or defense and *proportional to the needs of the case*, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed

> discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

*Id.* (Emphasis added) Thus, there are three (3) recognized grounds for objection to a discovery request: (i) that the request seeks privileged information or documents; (ii) that the request seeks information or documents that do not meet the lowered relevance standard of Rule 26; or (iii) that the burden or expense of the proposed discovery outweighs its likely benefit. See also 7 Moore's Federal Practice - Civil § 34.13 (2021) recognizing three basis appropriate responses to a request for production:

> (1) an objection to the scope, time, method, and manner of the requested production; (2) an answer agreeing to the requested scope, time, place, and manner of production; or (3) a response offering a good faith, reasonable alternative production that is definite in scope, time, place or manner. If appropriate, a party may file a hybrid answer, which objects to some of the requested production, while answering the unobjectionable portions.

**B. Motions to Compel**

> A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: . . .
>
> (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to produce documents or fails to respond that inspection will be permitted — or fails to permit inspection — as requested under Rule 34.

Fed R. Civ P. 37(B)

"On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed R. Civ P. 37(1)

Fed R. Civ. P. art. 37 provides in pertinent part that: " . . . [i]f a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions. . . an evasive or incomplete disclosure, answer, or response must be

6

treated as a failure to disclose, answer, or respond." If a motion to compel production is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." *Butowsky v. Folkenflik*, 2020 U.S. Dist. LEXIS 267938, at *30-31 (E.D. Tex. Aug. 25, 2020). An award of attorneys' fees and costs is not appropriate if: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Butowsky*, 2020 U.S. Dist. LEXIS 267938, at *30

V.   **ARGUMENT**

   A. **Defendants Should Be Ordered to Produce All Documents Responsive to Requests 3 and 8**

In the May 26, 2023 discovery conference with this Court, Defendants acknowledged that they had failed to produce Plaintiff's personnel records and his fuel expense records and advised that Defendants were unable to locate these records.[12]

However, Annette LeBlanc testified to the existence of Bourque's manager file, his application, and testified that Bourque provided his weekly fuel receipts to her.[13] Plaintiff's requests for production numbers 3 and 8 necessarily include these documents and whatever documents are in Defendant's possession, custody or control which Defendants used to calculate all deductions from Bourque's pay as indicated in the transaction detail provided by C. Pepper and ISP in their supplemental discovery responses.[14] Defendants have not produced any of these documents and have stated that they do not have any such documents in their

---

[12] Ex. C
[13] Ex. E, pp. 40, 42, 67-68, 96
[14] Ex F – (DEFENDANTS 000001-17)

7

possession, custody, or control which is simply incorrect given the deposition testimony of Annette Leblanc.

In their original discovery responses, Defendants objected to requests for production 3 and 8 that the requests were "not reasonably calculated to lead to the discovery of admissible evidence," are "not limited in time, scope, or geographic location," and objected to request number 8 that the requested information is "readily available to both parties."[15] However, in the May 26, 2023 discovery conference, Defendants failed to explain any of its objections, and effectively responded that it would produce all responsive documents, yet they have simply failed and refused to do so.

Further, Defendants objections are without merit. The objection that Bourque's discovery requests are "not reasonably calculated to lead to the discovery of admissible evidence," is not Rule 26's standard. First, Rule 26 requires that the discovery be ". . . *proportional to the needs of the case*, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1) Second, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." *Id.*

Plaintiff specifically alleged in his breach of contract and state law wage payment claims that Defendants unlawfully, and without his consent, withheld sums from his compensation for a physical damage insurance coverage he did not select, and improperly deducted expenses for fuel he did not actually purchase. Thus, there is an issue about whether Defendants properly

---

[15] Ex. B, pp. 7-8

compensated Bourque when making various deductions from his weekly paychecks. The requested information, particularly Annette Leblanc's manager file, all of Bourque's fuel receipts, and all documents Defendants used to calculate Plaintiff's wage deductions are not only relevant, but vital in accurately determining the merit of Plaintiff's breach of contract and Louisiana wage payment claims. It is believed that Ms. Leblanc's manager file may explain how Bourque's wages were calculated and what hours Bourque actually worked for Defendants each week which is relevant to Bourque's FLSA claim.

Although Plaintiff was able to obtain some of his fuel receipts, he does not have all of them. Despite that Defendants produced a "Transaction Detail" indicating the amounts of various deductions from Plaintiff's payroll records, Defendants have failed to produce Plaintiff's fuel receipts, which Ms. Leblanc testified she received from Plaintiff.[16] Defendants' "Transactions Detail" indicates they withheld certain amounts from Bourque's weekly paychecks, which vary significantly for "Fuel Deductions" ranging from $130.00 to $650.00 (Ex. F at DEFENDANTS 000004, 11, 15-16). Plus, deductions for "Physical Damage" insurance ranging from $10.00 to $50.00 were withheld from each of Plaintiff's weekly paychecks, for insurance coverage Plaintiff did not select. (Ex. F. at DEFENDANTS 000005-6, 9-10, 17) This "Transaction Detail" provides for the following other deductions that contain amounts which vary considerably:

1. "IC Deductions, OIC-IC OCA Ins" ranging from $7.98 to 39.90 per paycheck (Ex F at DEFENDANTS 000002-3, 8, 13) which are believed to be deductions for occupational accident insurance; and

2. "Vehicle Rental" deductions ranging from $74.00 to $370.00 per paycheck (Ex. F at DEFENDANTS 000005, 10, 16).

Defendants' "Transaction Detail" also provides for numerous "Contractor Advances" allegedly provided to Bourque for unspecified reasons. (See Ex. F at DEFENDANTS 000007).

---

[16] Ex F, DEFENDANTS 000001-17; Ex. E, p. 96

Plus, deductions for "Contractor Settlements" (again for unknown reasons) range from about $100.00 to $1,727.90 and appear to have been withheld from each of Plaintiff's weekly paychecks. (Ex. F at DEFENDANTS 000003-4, 8, 9, 14) Without obtaining all of the underlying records which Defendants used to calculate the various deductions, Plaintiff has no complete nor accurate means to determine (a) if Defendants withheld the correct amounts from Bourque's compensation for the actual cost of fuel he purchased; and (b) whether the other deductions were correctly withheld. Moreover, the fact that the amount of these deductions vary considerably is concerning given that Defendants have represented that Bourque did not work any overtime. If that is true, how could these deductions fluctuate so wildly?

Next, Defendants' temporal and subject matter objection is without merit. Though Plaintiff's discovery requests do not provide any specific temporal or subject matter scope, Defendants have never suggested *how* requests for production 3 or 8 should be limited, or how these requests are overly broad or vague. Further, Plaintiff's original complaint was filed on December 5, 2019 (R.Doc.1), more than *3 years* prior to the issuance of Plaintiff's February 17, 2023 discovery requests, and the Amended Complaint (R.Doc.61) was filed on November 1, 2022, more than three months prior to the discovery requests at issue. The original complaint was only amended to remove all class allegations (R.Doc.58), making it materially the same as the original complaint in all other respects. The Amended Complaint cites a time period of about 1 year and 10 months (January 12, 2018 to September 27, 2019) (R.Doc.61, ¶ 53), which is not an excess period of time. See *McElvy v. Sw. Corr., LLC*, 2022 U.S. Dist. LEXIS 64564, at *7 (N.D. Tex. Apr. 7, 2022) ("The Court determines that the narrowed request seeking documents for the years 2012, 2013, and 2014 (a short time period centered on the time of the incident) is sufficiently tailored to seek relevant information");

*Jolivet v. Compass Grp. USA, Inc.,* 2021 U.S. Dist. LEXIS 4492, at *25 (N.D. Tex. Jan. 11, 2021) (granting motion to compel and requiring defendant to produce records for 7 year period of time); and *Dean v. Shell Pipeline Co.,* no. 19-137-BAJ-RLB, 2020 U.S. Dist. LEXIS 94229, *23 (M.D. La. May 29, 2020) *citing Minnis v. Bd. of Sup'rs of Louisiana State Univ. Agric. & Mech. Coll., No. 13-5,* 2013 U.S. Dist. LEXIS 170861, 2013 WL 6271940, at *8 (M.D. La. Dec. 4, 2013), (recognizing that courts in the Fifth Circuit have limited discovery to a period of 3 to 5 years).

Moreover, the subject matter is clear as it pertains to Bourque's three claims against Defendants: (1) violations of the Fair Labor Standards Act, 29 U.S.C. § 207(a)(1) for failing to pay Bourque one-and-a-half times his regular rate for all hours worked in excess of forty in a workweek; (2) a Louisiana state law claim for breach of contract; and (3) a Louisiana state law claim for wages owed under La. R.S. 23:631. Moreover, while working for Defendants, Bourque only ever worked out of the Lanter terminal in Lafayette, Louisiana (R.Doc.61, ¶ 37).

## Conclusion

For the foregoing reasons, this motion should be granted, and an order should issue herein, compelling Defendants C. Pepper Logistics, LLC ("C. Pepper"), Independent Service Provider, LLC ("ISP"), and James L. Pepper to produce all documents responsive to requests for production numbers three (3) and eight (8) including, *but not limited to* Annette Leblanc's manager file for Plaintiff, Plaintiff's application/(s) for employment with C. Pepper Logistics, LLC and Independent Service Provider, LLC; all of Plaintiff's fuel receipts, and all underlying documents and/or evidence used to calculate all deductions from Plaintiff Charles Bourque's compensation and to pay Plaintiff's reasonable attorneys' fees and costs incurred in bringing the instant motion.

<table>
<tr><td></td><td>Respectfully submitted;<br><br>**SMITH LAW FIRM**<br><br>  /s/ J. Arthur Smith, IV  <br>J. ARTHUR SMITH, III<br>La. Bar Roll No. 07730<br>J. ARTHUR SMITH, IV<br>La. Bar Roll No. 37310<br>830 North Street<br>Baton Rouge, Louisiana 70802<br>Telephone: (225) 383-7716<br>Facsimile: (225) 383-7773<br>Email: jasmith@jarthursmith.com<br>asmithiv@jarthursmith.com<br><br>*Pro-Hac Vice*</td></tr>
</table>

Brian P. Sanford
Texas Bar No. 17630700
bsanford@sanfordfirm.com
Elizbeth "BB" Sanford
Texas Bar No. 24100618
**THE SANFORD FIRM**
1910 Pacific Ave., Suite 15400
Dallas, TX 75201
Ph:   (214) 717-6653
Fax: (214) 919-0113
bsanford@sanfordfirm.com
esanford@sanfordfirm.com

*Counsel for Plaintiff,
Charles R. Bourque*

## CERTIFICATE OF SERVICE & COMPLIANCE WITH LOCAL RULE CV-7(H)

I HEREBY CERTIFY that I have this day electronically filed the foregoing with the Clerk of Court for the U.S. District Court, Eastern District of Texas and that a copy of same has been served upon all parties via automatic operation of the Clerk's electronic ECM/ECF filing system.

I HEREBY FURTHER CERTIFY that counsel has complied with the meet and confer requirement of Local Rule CV-7(h) and that this motion is opposed. On April 19, 2023, J. Arthur Smith, IV had a telephone discovery conference with David Freudiger, counsel for Defendants, regarding the issues subject of the instant motion. Additionally, the Court conducted a telephone conference regarding these issues on May 26, 2023 with J. Arthur Smith, IV and David Freudiger. Though Defendants subsequently provided supplemental discovery responses and produced additional documents, certain evidence within Defendants possession, custody or control has been withheld. Thus, despite the parties' best efforts, the issues that are the subject of this motion have not been resolved.

Baton Rouge, Louisiana this   12th  , day of July, 2023.

   /s/ J. Arthur Smith, III  
J. Arthur Smith, III

   /s/ Brian P. Sanford  
Brian P. Sanford