UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
*Sherman Division*

| | |
|---|---|
| **CHARLES R. BOURQUE,** | CIVIL ACTION No. 4:22-CV-00698 |
| *Plaintiff,* | |
| V. | HON. JUDGE SEAN D. JORDAN |
| **C. PEPPER LOGISTICS, LLC, INDEPENDENT SERVICE PROVIDER, LLC, and JAMES L. PEPPER,** | |
| *Defendants.* | |

## DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR ADMISSIONS AND REQUESTS FOR PRODUCTION

TO:   PLAINTIFF, Charles R. Bourque, by and through his attorney of record, J. Arthur Smith, III, Smith Law Firm, 830 North Street, Baton Rouge, Louisiana 70802

COME NOW, Defendants, C. Pepper Logistics, LLC, Independent Service Provider, LLC, and James L. Pepper and serve these *Defendants' Objections and Responses to Plaintiff's First Set of Interrogatories, Requests for Admissions, and Requests for Production* as follows:

Respectfully submitted,

**THE MESSINA LAW FIRM, P.C.**

*[signature]*

THEODORE J. MESSINA, III
State Bar No. 24041475
jmessina@messinalegal.com
DAVID F. FREUDIGER
State Bar No. 07449300
david@messinalegal.com
5910 N Central Expy, Ste 1599
Dallas, TX 75206
Tel: 214-550-7444
Fax: 214-206-9593
**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

  The undersigned counsel hereby certifies that a true and correct copy of the foregoing document has been served upon all counsel of record via electronic mail on this 3RD day of April 2023.

*[signature]*

THEODORE J. MESSINA, III

## **GENERAL OBJECTIONS**

Defendants object to the Definitions and Instructions prefacing these Discovery Requests to the extent that same are inconsistent with, and an attempt to exceed, the permissible scope of the Federal Rules of Civil Procedure, which govern the discovery process.

Defendants further object to the definitions and instructions prefacing Plaintiff's Requests insofar as they lack specificity and are so vague and unclear that Defendants have no means to identify the information requested. Moreover, Defendants object to the extent the definitions are overly broad and deviate from the commonly accepted terms referenced therein.

## OBJECTION TO INTERROGATORIES

Defendants object in general to this discovery request for the reason that it includes instructions regarding how to answer the discovery which attempt to impose on Defendants an obligation to answer the discovery in a manner other than required by the Federal Rules of Civil Procedure. Instead, Defendants will comply with the Federal Rules of Civil Procedure in answering this discovery.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY 1:** Identify any and all equipment owned, leased, possessed and/or within your custody or control which you provided or issued to Plaintiff to deliver automotive parts and/or tractor parts.

**RESPONSE:** Defendants object to this Interrogatory as it is overly broad and is not sufficiently particular in its description to enable Defendants to determine with reasonable certainty what Plaintiff is being called to answer.

Subject to the foregoing without waiving same, none.

**INTERROGATORY 2:** Identify all persons, by name, physical address and telephone number, who had the authority to hire ISP and/or C Pepper employees and/or independent contractors whom worked out of the same location or terminal as Plaintiff for the period of January 12, 2018 to September 2019.

**RESPONSE:** ISP and/or C Pepper did not have any employees. The independent contractors for that terminal would have been onboarded (per DOT regulations for professional drivers) and approved by Annette LeBlanc (Lafayette Operations) 337-250-7643 and Jonathan Pepper (safety/DOT compliance) 636-633-0115.

**INTERROGATORY 3:** Identify all persons by name, physical address and telephone number, who had the authority to fire and/or terminate the services of ISP and/or C Pepper employees and/or independent contractors for the period of January 12, 2018 to September 2019.

**RESPONSE:** ISP and/or C Pepper did not have any employees. The independent contractors could have had their contracts terminated if they failed to meet all contractual items necessary to appease the customer. Termination of contract information would have been relayed to contractors by Annette LeBlanc (Lafayette Operations) 636-633-0115.

**INTERROGATORY 4:** Identify any and all ISP and/or C Pepper employees and/or agents by name, physical address and telephone number, whom supervised, managed and/or directed plaintiff and/or Plaintiff's work assignments.

**RESPONSE:** ISP and/or C Pepper did not have any employees who supervised, managed and/or directed Plaintiff's work assignments. Suggested routing was provided by customer (Lanter Delivery Systems). Contracted drivers could adjust as need or as they saw fit as long as customer requirements were met (example products delivered prior to 0800).

**INTERROGATORY 5:** Provide a physical address for the terminal/(s) out of which Plaintiff worked while he performed truck driving services for you.

**RESPONSE:** 200 Matrix Loop, Lafayette, LA 70507.

## RESPONSES TO REQUESTS FOR ADMISSIONS

**Request for Admission No. 1:** Admit that PLF00153 (attached) is a rental agreement with Ryder Truck Rental, Inc. located in Scott, Louisiana, procured by you and/or one of your agents, to provide Plaintiff with a 26' diesel light duty van.

**RESPONSE:** Admit that the agreement appears to be a Ryder rental agreement. Deny that the agreement is with any Defendant.

**Request for Admission No. 2:** Admit that Plaintiff used the Ryder truck described in PLF000153 to deliver automotive and tractor parts to various automotive dealerships in South Louisiana for the benefit of Defendants.

**RESPONSE:** Defendants lack knowledge of which vehicle was utilized by Plaintiff and, therefore, can neither admit nor deny the request.

**Request for Admission No. 3:** Admit that Annette Mellano signed a contract dated January 12, 2018 on behalf of Independent Service Provider, LLC with Plaintiff, which notes her position as manager of Independent Service Provider, LLC.

**RESPONSE:** Defendants do not recall seeing this contract, and, therefore, can neither admit nor deny the request.

**Request for Admission No. 4:** Admit that in the January 12, 2018 contract between the parties, Annette Mellano provided an address for Independent Service Provider, LLC in Lafayette, Louisiana.

**RESPONSE:** Defendants do not recall seeing this contract, and, therefore, can neither admit nor deny the request.

**Request for Admission No. 5:** Admit that Annette Mellano signed a draft contract dated June 12, 2018 on behalf of C. Pepper Logistics, LLC with Plaintiff, which notes her position as manager of C. Pepper Logistics, LLC.

**RESPONSE:** Defendants do not recall seeing this contract, and, therefore, can neither admit nor deny the request.

**Request for Admission No. 6:** Admit that in the June 12, 2018 draft contract between the parties, Annette Mellano provided an address for C. Pepper Logistics, LLC in Lafayette, Louisiana.

**RESPONSE:** Defendants do not recall seeing this contract, and, therefore, can neither admit nor

deny the request.

**Request for Admission No. 7:** Admit that the attached "Coaching Session Report" (PLF0048) indicates that Annette Mellano coached Charles Bourque on November 13, 2018 for allegedly not wearing his seatbelt in a parking lot.

**RESPONSE:** Admit.

**Request for Admission No. 8:** Admit that the attached "Coaching Session Report" (PLF0048) indicates that you would fine Charles Bourque for allegedly not wearing his seatbelt in a parking lot.

**RESPONSE:** Deny.

**Request for Admission No. 9:** Admit that Annette Mellano was employed by you for the period covering January 2018 to September 2019.

**RESPONSE:** Deny.

**Request for Admission No. 10:** Admit that within the certificate of insurance made a part of the January 12, 2018 contract between the parties (PLF00021), Plaintiff did not request or select permissive physical damage insurance on the tractor/truck provided to him.

**RESPONSE:** Defendants do not recall seeing this contract, and, therefore, can neither admit nor deny that the referenced document is a part of that contract. Admit the check mark on the supplied copy is by the word "No" under the physical damage section.

**Request for Admission No. 11:** Admit that Plaintiff worked as a truck driver for your benefit in Louisiana.

**RESPONSE:** Admit.

**Request for Admission No. 12:** Admit that ISP and C Pepper facilitate the delivery of automotive and tractor parts throughout Louisiana, which parts have been shipped to Louisiana from other states.

**RESPONSE:** Admit ISP and C Pepper contracted contractors in Louisiana to deliver auto and tractor parts.

**Request for Admission No. 13:** Admit that you compensated Plaintiff for performing truck driving services on your behalf.

**RESPONSE:** Admit.

## RESPONES TO REQUESTS FOR PRODUCTION

**Request No. 1:** Produce any and all correspondence from you to Plaintiff regarding the termination of Plaintiff's services.

**RESPONSE:** Defendants object to this Request because such documents are readily available to both parties. If a moving party can get the desired documents or information without resorting to discovery, and that good cause does not exist for producing same.

Subject to the foregoing without waiving same, Defendants have no responsive documents in their possession, custody or control.

**Request No. 2:** Produce a copy of any and all records indicating the location/(s) of any and all routes Plaintiff drove on your behalf.

**RESPONSE:** Defendants object to this Request for the reason that it is too general in that it is not limited in time, scope or geographic location.

Subject to the foregoing without waiving same, see attached bates labeled DEFENDANTS 000001.

**Request No. 3:** Produce a copy of any and all correspondence, notes, letters, text messages, emails, and documents of any kind regarding Plaintiff, including, but not limited to, the work he provided to you and his compensation.

**RESPONSE:** Defendants object to this Request as it is overly broad and is not sufficiently particular in its description to enable Defendants to determine with reasonable certainty what Defendants are being called upon to produce.

Defendants further object to this Request to the extent it is overly broad and requests documents or such other tangible things which are not reasonably calculated to lead to the discovery of admissible evidence.

Defendants further object to this Request as being overly broad, vague, and ambiguous in that it fails to describe the information requested with reasonable particularity, and as such amounts to nothing more than a fishing expedition.

Defendants further object to this Request for the reason that it is too general as it is not limited in time, scope, or geographic location.

Subject to the foregoing without waiving same, Defendants have no responsive documents in their possession, custody or control.

**Request No. 4:** Produce a copy of any and all correspondence exchanged between you and Plaintiff.

**RESPONSE:** Defendants object to this Request because such documents are readily available to both parties. If a moving party can get the desired documents or information without resort to discovery, good cause does not exist for producing same.

Defendants further object to this Request for the reason that it is too general in that it is not limited in time, scope, or geographic location.

Subject to the foregoing without waiving same, Defendants have no responsive documents in their possession, custody or control.

**Request No. 5:** If you contend that plaintiff had any type of profit sharing with ISP/C Pepper- produce any all documents referring to and/or referencing same.

**RESPONSE:** Not applicable.

**Request No. 6:** Produce all of plaintiff's payroll records including any and all tax records and any and all correspondence about plaintiffs' compensation from ISP and C Pepper.

**RESPONSE:** This response will be supplemented if and when responsive documents are identified.

**Request No. 7:** Produce all of plaintiff's time clock records and work schedules.

**RESPONSE:** Defendants have no responsive documents in their possession, custody or control.

**Request No. 8:** Produce all records, letters, notes, receipts and documents of any kind provided to you, from plaintiff, regarding his fuel expenses and/or fuel purchases.

**RESPONSE:** Defendants object to this Request because such documents are readily available to both parties. If a moving party can get the desired documents or information without resort to discovery, good cause does not exist for producing same.

Defendants further object to this Request for the reason that it is too general in that it is not limited in time, scope, or geographic location.

Subject to the foregoing without waiving same, Defendants have no responsive documents in their possession, custody or control.

**Request No. 9:** Produce any and all correspondence between Anette Mellano and any and all ISP and/or C Pepper employees and/or agents regarding Mr. Bourque.

**RESPONSE:** Defendants object to this Request for the reason that it is too general in that it is not limited in time, scope, or geographic location.

Subject to the foregoing without waiving same, Defendants have no responsive documents in

their possession, custody or control.

**Request No. 10:** If you contend that Charles Bourque selected physical damage insurance on the tractor/truck issued and/or provided to him by you and/or by one of your agents, and/or that he agreed to such wage deduction, produce any and all documents supporting this contention.

**RESPONSE:** This response will be supplemented if and when responsive documents are identified.