UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| CHARLES R. BOURQUE | § |
| | § |
| | § |
| v. | § CIVIL NO. 4:22-CV-698-SDJ |
| | § |
| C. PEPPER LOGISTICS, LLC, | § |
| ET AL. | § |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff Charles R. Bourque's Motion for Attorneys' Fees and Expenses, (Dkt. #90), wherein Bourque requests $3,350 for attorney's fees and expenses incurred litigating discovery disputes. Defendants did not respond to the motion. For the following reasons, the Court concludes that the motion should be granted.

**I.**

Under the Federal Rules of Civil Procedure, parties may generally pursue discovery on any matter relevant to a claim or defense, so long as the material sought is not privileged or disproportionate to the needs of the case. FED. R. CIV. P. 26(b)(1). The Court held that Defendants violated this rule when they failed to produce discoverable materials. Accordingly, the Court granted Bourque's Motion to Compel and ordered Defendants to produce the materials. (Dkt. #82). The Court affirmed its decision in its order denying Defendants' Motion for Reconsideration. (Dkt. #88).

Pursuant to Rule 37(a)(5)(A), if a motion to compel is granted, the Court must require the "party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in

1

making the motion, including attorney's fees." However, such expenses will not be awarded if: (1) "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action"; (2) "the opposing party's nondisclosure, response, or objection was substantially justified"; or (3) "other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(a)(5)(A)(i)–(iii).[1]

## II.

Bourque requests $3,350 in attorney's fees and expenses, representing thirteen hours of his counsel's billable time multiplied by counsel's standard hourly rate of $250, plus one hour for counsel's law clerk drafting the Motion to Compel at the hourly rate of $100. As explained below, the Court finds that the requested fees are reasonable.

In the Fifth Circuit, courts use a two-step method for determining proper attorney's fees. The first step is to multiply the hours that the attorney worked by the attorney's hourly rate, yielding an amount that is referred to as the "lodestar." *See Hobbs v. EVO Inc.*, 7 F.4th 241, 259 (5th Cir. 2021). In calculating the lodestar, the Court places the burden on the party seeking attorney's fees to prove the reasonableness of both the attorney's hours and the hourly rate. *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011).

After calculating the lodestar, the Court moves to the second step of the reasonable fee analysis: applying the twelve *Johnson* factors to determine whether

---

[1] The Court finds that none of these exceptions apply here. *Cf. Nguyen v. La. State Bd. of Cosmetology*, No. 14-80-BAJ-RLB, 2016 WL 67253, at *3 (M.D. La. Jan. 5, 2016) ("Because the Court has granted Defendant's Motion to Compel and no exceptions apply, Defendant is entitled to an award of reasonable expenses, including attorney's fees.").

the lodestar should be adjusted, either upward or downward, based on the facts and circumstances of the case. *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989). Because the lodestar is presumed reasonable, the *Johnson* factors require modification of that amount only in "exceptional cases." *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993).

In calculating attorney's fees, the Court's goal "is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838, 131 S.Ct. 2205, 180 L.Ed.2d 45 (2011). "The Court is also an expert on reasonableness of fees and may use its own experience in deciding a fee award." *Tech Pharm. Servs., LLC v. Alixa Rx LLC*, 298 F.Supp.3d 892, 904 (E.D. Tex. 2017).

### A. Reasonableness of the Rates

The touchstone principle in evaluating the reasonableness of the rates charged is that the moving party must demonstrate—through "satisfactory evidence"—that "the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *McClain*, 649 F.3d at 381 (cleaned up). The "relevant market for purposes of determining the prevailing rate to be paid in a fee award is the community in which the district court sits." *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002) (cleaned up).

The median hourly rate for attorneys across the Dallas-Fort Worth metroplex—where the Court sits—is $308.00, according to statistics from the State

Bar of Texas.[2] The rates requested here ($250 for counsel and $100 for law clerk) fall below this median hourly rate. Defendants do not argue that these rates are unreasonable, nor do they seem unreasonable to the Court. Therefore, the Court concludes that the hourly rates are reasonable.

**B. Reasonableness of the Hours Billed**

"[A] party seeking attorneys' fees may only recover for time spent in preparing and prosecuting the actual discovery motion—that is, the 'reasonable expenses incurred in making the motion, including attorney's fees.'" *Lohr v. Gilman*, No. 3:15-CV-1931-BN, 2018 WL 3993725, at *3 (N.D. Tex. Aug. 21, 2018) (quoting FED. R. CIV. P. 37(a)(5)(A)). "This includes time spent on additional briefing and any oral argument or hearing and can include 'fees on fees' for the time expended in filing a motion for attorneys' fees." *D.C. v. Dall. Indep. Sch. Dist.*, No. 3:17-CV-02981-E, 2020 WL 13429989, at *1 (N.D. Tex. July 23, 2020) (cleaned up). "If a party does not object to particular billing entries as inadequately documented, the court is not obligated *sua sponte* to sift through fee records searching for vague entries or block billing." *Hoffman v. L & M Arts*, No. 3:10–CV–0953–D, 2015 WL 3999171, at *5 (N.D. Tex. July 1, 2015). "It is a common practice for courts to address only those potentially inadequate entries brought to the court's attention." *Id.*

---

[2] *See* STATE BAR OF TEXAS, 2019 INCOME AND HOURLY RATES 10 (2019), https://www.texasbar.com/AM/Template.cfm?Section=Dem ographic_and_Economic_Trends&Template=/CM/ContentDisplay.cfm&ContentID=54237. In evaluating the reasonableness of an attorney's hourly rate, federal district courts frequently take judicial notice of State Bar of Texas billing statistics. *See Vaquero Permian Processing LLC v. MIECO LLC*, No. P:21-CV-00050-DC, 2022 WL 2763514, at *3 (W.D. Tex. May 26, 2022) (collecting cases).

> Bourque asserts that his counsel spent thirteen billable hours
>
> preparing and filing his Motion to Compel, submitting his Supplement to the Motion to Compel, reviewing Defendants' Memorandum in Opposition and Motion for Reconsideration of this Court's granting of Plaintiff's Motion to Compel, opposing Defendant's Motion for Reconsideration and replying to Defendants' proposed opposition, and reviewing this Court's relevant Orders.

(Dkt. #90) (citations omitted). Counsel's law clerk also spent one hour drafting the Motion to Compel. Bourque further asserts that counsel excluded 7.25 hours of ordinarily-billable time after "assessing the reasonableness of . . . counsel's attorney's fees and exercising his professional billing judgment." (Dkt. #90).

Although Bourque did not provide any billing records—which would typically be fatal to a motion for attorney's fees[3]—Defendants chose not to respond to the motion, and thus the Court accepts the representations in the motion as true. *See* LOCAL RULE CV-7(d) ("A party's failure to oppose a motion . . . creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion."). Further, considering the work performed, the Court does not find that the number of hours billed is unreasonable on its face.

---

[3] Generally, to prove the reasonableness of an attorney's hours, the moving party must provide "contemporaneous billing records or other documents" from which the Court can determine "which hours are compensable." *Vaughan v. Lewisville Indep. Sch. Dist.*, No. 4:19-CV-109-SDJ, 2021 WL 6125786, at *5 (E.D. Tex. Dec. 28, 2021), *vacated on other grounds*, 62 F.4th 199 (5th Cir. 2023).

\*   \*   \*

In sum, the Court finds that the rates and the hours billed are reasonable. The lodestar amount is $3,350. The Court has considered the *Johnson* factors[4] but does not find it necessary to adjust this figure, which is afforded a strong presumption of reasonableness. *See, e.g.*, *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 800 (5th Cir. 2006) (per curiam). Nor do Defendants contend that any *Johnson* factor counsels against awarding the lodestar. Accordingly, the Court accepts the lodestar as the appropriate award under Rule 37(a)(5)(A).

### III.

For the foregoing reasons, the Court concludes that Bourque is entitled to the requested attorney's fees and expenses.

It is therefore **ORDERED** that Plaintiff's Motion for Attorneys' Fees and Expenses, (Dkt. #90), is **GRANTED**. Defendants[5] shall pay Bourque $3,350 in attorney's fees and other expenses incurred in litigating the discovery disputes in this case.

---

[4] The twelve Johnson factors are: (1) time and labor required; (2) novelty and difficulty of issues; (3) skill required; (4) loss of other employment in taking the case; (5) customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by client or circumstances; (8) amount involved and results obtained; (9) counsel's experience, reputation, and ability; (10) case undesirability; (11) nature and length of relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717–19.

[5] As explained in the order granting the Motion to Compel, (Dkt. #82), and the order denying the Motion for Reconsideration, (Dkt. #88), Defendants' "conduct necessitated the motion." FED. R. CIV. P. 37(a)(5)(A).

**So ORDERED and SIGNED this 10th day of June, 2024.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE