# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF TEXAS
### *Sherman Division*

| | |
|---|---|
| **CHARLES R. BOURQUE,** | **No. 4:22-CV-00698** |
| *Plaintiff,* | |
| | |
| **VERSUS** | **HON. JUDGE SEAN D. JORDAN** |
| | |
| **C. PEPPER LOGISTICS, LLC,** | |
| **INDEPENDENT SERVICE PROVIDER, LLC,** | |
| **AND JAMES L. PEPPER** | |
| *Defendants.* | |

---

**PLAINTIFF, CHARLES R. BOURQUE'S, ANSWERS TO DEFENDANTS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

---

TO: **Independent Service Provider, LLC**
　　**C. Pepper Logistics, LLC & James L. Pepper**
　　*Via their counsel of record:*
　　Mr. Theodore J. Messina III
　　Mr. David Freudiger
　　5910 N. Central Expy, Ste 1599
　　Dallas, TX 75206
　　jmessina@messinalegal.com
　　david@messinalegal.com

Plaintiff, Charles R. Bourque ("Bourque" or "Plaintiff"), through undersigned counsel, responds to the First Set of Interrogatories and Requests for Production of Documents propounded upon him by Defendants C. Pepper Logistics, LLC ("C Pepper"), Independent Service Provider, LLC ("ISP") and James L. Pepper as follows. The responses supplied herein represent the Plaintiff's best information at the present time.  If further information is found relating to these requests for production of documents and/or interrogatories, supplemental and/or amended responses will be submitted.  Thus, the Plaintiff expressly reserves his right to refer to information not herein given at any time, upon appropriate notice to the Defendants, in accordance with the applicable provisions of the Federal Rules of Civil Procedure.

**EXHIBIT B**

## GENERAL OBJECTIONS:

Plaintiff objects to these interrogatories as exceeding the permissible number of 25 interrogatories, including all discrete subparts, which are permitted pursuant to Fed. R. Civ. P. 33 without leave of Court.

## INTERROGATORIES

**INTERROGATORY 1:** Please state the full name, residence address, business address, business telephone number, date of birth, social security number, and driver's license number of each person answering these interrogatories.

**ANSWER to No. 1:**

Charles Ray Bourque



Kaplan, La. 70548
Abbeville, La. 70510

La. DL #

**INTERROGATORY 2:** Please identify all of the persons who have assisted you in preparing answers to these interrogatories.

**ANSWER to No. 2:**

    J. Arthur Smith, IV and Charles R. Bourque.

**INTERROGATORY 3:** Please state your age, date of birth and place of birth.

**ANSWER to No. 3:**

    59, date of birth: ▮▮▮▮▮, Kaplan, La.

**INTERROGATORY 4:** Are you presently married or have you ever been married? If so, please state:

a.) The full name of each spouse (including maiden name),

b.) The date(s) and place(s) you were married,

c.) Whether your current spouse is living with you,

d.) The date(s) and manner of termination of each marriage, if any.

**ANSWER to No. 4:**

    a: Plaintiff has been married once, and then to Sandra Meaux Bourque, to which he remains married.
    b: April 12, 1996, Kaplan, La.
    c: Yes
    d: N/A

**INTERROGATORY 5:** Have you attended any colleges or universities? If so, please state for each

such college or university you attended:

a.) The name and address,

b.) Your major field of study,

c.) The dates of your attendance,

d.) The date of your graduation,

e.) Your grade point average for all courses taken.

**ANSWER to No. 5:**

    Plaintiff has not attended college.

**INTERROGATORY 6:** Please state the titles of all licenses or registrations you hold and the date

you received each such license.

**ANSWER to No. 6:**

    Plaintiff objects to this interrogatory as vague in that it is not known if Defendants are

referring to his driver's license, or vehicle registration or something else and objects to providing any

information regarding the registration of any of his personal vehicles as irrelevant. Notwithstanding

these objections, and without waiving them, Plaintiff was issued a driver's license around May 17,

1978 which at all times relevant hereto was, and remains valid.

**INTERROGATORY 7:** Please state the name of the board or entity which issued each license or registration which you hold.

**ANSWER to No. 7:**

Plaintiff objects to this interrogatory as vague in that it is not known if Defendants are referring to his driver's license, or vehicle registration or something else and objects to providing any information regarding the registration of any of his personal vehicles as irrelevant. Notwithstanding these objections, and without waiving them, the Louisiana Department of Motor Vehicles issued Plaintiff his driver's license.

**INTERROGATORY 8:** State each and every occasion during the past ten (10) years in which you have been convicted of a felony or of a crime involving moral turpitude. Pursuant to Rule 609 of the Texas Rules of Evidence, the Requesting Party herein, notifies you of its intent to use evidence of any such conviction(s) at trial and in depositions.

**ANSWER to No. 8:**

None.

**INTERROGATORY 9:** Please list any and all lawsuits that you have been involved in either as a Plaintiff or Defendant.

**ANSWER to No. 9:**

Around 1991 or 1992, Plaintiff brought a custody proceeding in Vermillion Parish against Yvette Lejeune, the mother of his oldest daughter, Constance Bourque, to obtain custody of his then minor child. This matter was resolved via mediation. To the best of Plaintiff's knowledge and belief, this is the only other litigation he has been involved in, except for the instant matter.

**INTERROGATORY 10:** Please list all job-related skills which you have acquired in your educational and employment experience. For each such skill listed, please:

a.) Describe the skill,

b.) State how and when you acquired it,

c.) State your level of competence in it,

d.) List all licenses, diplomas and certificates which indicate your compliance in the skill.

**ANSWER to No. 10:**

 Plaintiff objects to this interrogatory as overly broad in subject matter and temporal scope in that responsive information would include skills he learned in employment he held as a teenager, when he was not a commercial truck driver, and which skills are irrelevant to any party's claims or defenses. Plaintiff further objects to this request as vague in that this term is not defined and it is not known what "skills" Defendants are seeking information. Plaintiff further objects as Defendants, who were Plaintiff's former employers, are in a better position to have access to any relevant licenses or certificates Plaintiff obtained during his employment with ISP and/or C Pepper which might be relevant to the instant proceeding.

**INTERROGATORY 11:** Identify all your prior employers for the last seven (7) years; for each such employer, identify your position, your immediate supervisor, dates of employment, and reason for leaving.

**ANSWER to No. 11:**

1) Omega Protein
   Warehouseman
   Supervisor: Brent Matthews
   06/2021 – present

2) Hackbarth Delivery Service
   Warehouseman / Delivery driver
   Supervisor: Brian Reeves
   Terminated
   01/2020 - 05/2021

3) ISP / C. Pepper
   Route driver
   Supervisor: Annette Milano
   01/2018 - 9/2019
   Terminated

4) EPS
  Laborer / Supervisor
  Supervisor: Mike Lebourgeois
  Laid off
  9/2016 - 9/2017

**INTERROGATORY 12:** For your current employment and for each other job you have held, please

state:

a.) The name and address of your employer,

b.) The principal business of your employer,

c.) Your job title,

d.) The duties and nature of your work,

e.) Your annual earnings,

f.) Dates of employment.

**ANSWER to No. 12:**

      Plaintiff objects to this interrogatory as unduly burdensome as it is without temporal scope and

his employment prior to working for ISP and C. Pepper Logistics is not relevant. Notwithstanding these

objections and without waiving them, Plaintiff responds as follows with his employment history for the

approximate past ten (10) years:

1) Omega Protein Corporation
  9730 Andrew Rd.
  Abbeville, La. 70510
      Omega Protein Corporation operates a fishing fleet, and produces food ingredients, dietary
supplements, and animal feed. Their products include fish oil, fish meal, and proteins. In the 2000s it
expanded via acquisitions into ingredients produced from milk and plants.
Job: Warehouseman
Secure incoming shipments. Stock shelves, requisition out parts to necessary personnel
$37,000 per year + overtime
06/2021 – present

2) Hackbarth Delivery Service
  122 N. Pierce St.
  Lafayette, La. 70501
  Transportation ~ Logistics ~ Warehousing ~ Distribution

6

Warehouseman / Delivery driver

I unloaded shipments, sorted pharmaceuticals per route, provided delivery paperwork to drivers, trained drivers on routes, made deliveries when needed, maintained warehouse, sorted and inputted return data and products for shipment.
$27,000 per year + overtime
01/2020 - 05/2021

3) ISP / C. Pepper Log.

Last Mile Delivery
Route driver

I unloaded freight trucks, sorted freight per routes, loaded truck provided to me, delivered car parts to dealerships, unloaded and saved any returns
$31,200 per year.
01/2018 - 9/2019

4) EPS
206 Magnate Dr.
Lafayette, La. 70508
Oilfield service company
Laborer / Supervisor
I worked as a laborer and crew supervisor
$37,500 per year
9/2016 - 9/2017

5) Newpark Drilling Fluids

Plant operator, maintenance mechanic, driver

I mixed, stored and shipped oilfield drilling mud. Traveled to plant and drilling rig sites setting up, servicing and repairing equipment, delivered and relocated materials and equipment to drilling rigs and company plants. I also maintained inventory records and shipping and receiving records.
$65,000 per year.
01/2013 - 07/2015

See also answer to interrogatory number 11 above.

**INTERROGATORY 13:** Identify by name, address, and telephone numbers, all persons who have

any knowledge, either directly or indirectly, of any facts forming the basis for this lawsuit. Include any

witnesses to the incidents made the basis of this lawsuit, and any individuals who have knowledge of

any damages alleged by any party.

**ANSWER to No. 13:**

1. **Charles R. Bourque**, *may be contacted through his counsel of record;*

2. **James L. Pepper**, *may be contacted through his counsel of record;*

3. **John Pierce** (address unknown) Tel. ███████████

4. **Joe Ambrose** (address unknown) Tel. ███████████

5. **Annette Mellano Leblanc**, 5300 Mire Highway, Rayne, LA  70578;

6. **Gill Morvant** (Address presently unknown), Tel. ███████████

7. **Dominic Capozzi** (Address presently unknown); Tel. ███████████; former ISP/C Pepper truck driver;

8. **Denaruis Andrus** (Address and telephone number presently unknown) He is a former ISP/C Pepper truck driver.

9. Any witness identified by any party during discovery of this matter; and

10. Any witness identified or listed by Defendants.

**INTERROGATORY 14:** Identify all individuals that you, not your attorney or attorney's representatives, have spoken to regarding this lawsuit; for each such person, state the date(s) of contact and what was said to each person(s).

**ANSWER to No. 14:**

Plaintiff has spoken to Gil Morvant and John Piece on about 2 occasions about being potential witness, and/or plaintiffs in this matter. The date and times of these communications is presently unknown.

**INTERROGATORY 15:** Please identify by name, address, and telephone number, each person you anticipate calling as a testifying expert in this lawsuit. With reference to each expert who has been identified, please state:

a.) The subject matter on which such expert may testify,

b.) The mental impressions and opinions held by such expert, and

c.) The facts known to the expert (regardless of when such factual information was acquired) which relate to or form the basis of the mental impressions and opinions held by such expert.

**ANSWER to No. 15:**

No expert witnesses have presently been consulted or retained.

**INTERROGATORY 16:** Identify and list each consulting expert whose opinions, work product, or impressions were reviewed and state the substance and grounds for the consulting expert's opinions or impressions.

**ANSWER to No. 16:**

No expert witnesses have presently been consulted or retained.

**INTERROGATORY 17:** Describe and give the location of any documents in your possession or in the possession of any other person or party, other than Defendants, that relate to the allegations of your Complaint in this case.

**ANSWER to No. 17:**

Plaintiff objects to this request as overly broad and vague in that no subject matter is specified in the request and as it asks for a description of documents potentially in the possession of unidentified third parties. Plaintiff also objects as this request seeks information protected by the attorney-client privilege and/or attorney-work product privilege. Notwithstanding these objections and without waiving them, see the following which was previously produced, and/or which was provided by Defendants.

1. PLF00001-2 2009 11 20 C Pepper articles of incorporation;
2. PLF00003-4 2010 08 20 ISP articles of incorporation;
3. PLF00005-25 2018 01 12 Independent Contractor Agreement;
4. PLF00026-28 2018 04 12 Vaughn Automotive Preliminary Estimate;
5. PLF00029-47 2018 06 12 Draft C Pepper contract;
6. PLF00048 2018 11 13 Coaching Session Report;
7. PLF00049 2018 C Pepper 1099 form;
8. PLF00050-73 2018 Fed Income Tax Return;
9. PLF00074 2018 ISP 1099 form;

10. PLF00076-90 2019 10 29 Bourque-fuel costs calculation;[1]
11. PLF00091-93 C PEPPER LOGISTICS LLC-FMCSA data
12. PLF00094-112 Plaintiff's overtime and regular hours' calculations;
13. PLF00113 Driver Arrival Times List;
14. PLF00114-144 Fuel Receipts;
15. PLF00145-147 INTERSTATE SERVICE PROVIDER INC-FMCSA data;
16. PLF00148-150 LANTER DELIVERY SYSTEMS, LLC- FMCSA data;
17. PLF00151-152 Plaintiff's Paystubs;
18. PLF00153-176 Ryder rental agreement; and
19. PLF00177-179 TIMELESS LOGISTICAL SOLUTIONS INC- FMCSA data; and
20. DEFENDANTS 000001, "Customer Requirements."

See also PLF00180-248, Plaintiff's 2019 to 2022 Tax Returns, attached.

**INTERROGATORY 18:** Please state whether you ever made or gave any statement, whether oral or in writing, to anyone regarding each alleged incident or the alleged occurrence? If so, please state for each such statement:

a.) The substance of the statement,

b.) The name and address of each person to whom the statement was made,

c.) The date of the statement,

d.) The form of the statement, whether oral, in writing, stenographic transcription or otherwise, and

e.) The name and address of anyone now having possession or custody of the statement.

**ANSWER to No. 18:**

Plaintiff objects to this request as vague in that it is not known to what the terms "each alleged incident or the alleged occurrence" refers and objects to the extent that this request seeks attorney-client privileged information or attorney-work produce protected information. Notwithstanding these objections, and without waiving them, to the best of his knowledge and belief, none.

**INTERROGATORY 19:** If you have any knowledge, either directly or indirectly, of any admission of any kind by Defendants, its agents, representatives, or employees which might be relevant in any

---

[1]PLF00075 intentionally omitted.

way in this lawsuit, please state the nature of each such admission, identifying the person or persons who allegedly made such admission and all persons who heard or may have been in a position to hear such admission.

**ANSWER to No. 19:**

Plaintiff objects to this interrogatory as asking for a legal conclusion and as it seeks privileged attorney-work product protected information by seeking undersigned counsel's mental impressions. Notwithstanding these objections, and without waiving them, see the deposition of Annette Mellano Leblanc.

**INTERROGATORY 20:** Regarding the evidence you may present at trial, please identify each document or other exhibit, including summaries of other evidence, which you expect to offer as well as those which you may offer if the need arises.

**ANSWER to No. 20:**

Plaintiff objects to the request for "summaries of other evidence" as vague in that it is not known to what this refers, and objects to providing any impeachment evidence which he is not required to produce. Notwithstanding these objections, and without waiving them, Plaintiff does not presently possess "summaries" of any evidence under Fed. R. Evid. 1006. Plaintiff may offer the following into evidence at the trial of this matter and reserves the right to supplement this list in accordance with the Federal Rules of Civil Procedure, and any orders of this Court.

1. PLF00001-2 2009 11 20 C Pepper articles of incorporation;
2. PLF00003-4 2010 08 20 ISP articles of incorporation;
3. PLF00005-25 2018 01 12 Independent Contractor Agreement;
4. PLF00026-28 2018 04 12 Vaughn Automotive Preliminary Estimate;
5. PLF00029-47 2018 06 12 Draft C Pepper contract;
6. PLF00048 2018 11 13 Coaching Session Report;
7. PLF00049 2018 C Pepper 1099 form;
8. PLF00050-73 2018 Fed Income Tax Return;
9. PLF00074 2018 ISP 1099 form;
10. PLF00076-90 2019 10 29 Bourque-fuel costs calculation;[2]

---

[2] PLF00075 intentionally omitted.

11. PLF00091-93 C PEPPER LOGISTICS LLC-FMCSA data
12. PLF00094-112 Plaintiff's overtime and regular hours' calculations;
13. PLF00113 Driver Arrival Times List;
14. PLF00114-144 Fuel Receipts;
15. PLF00145-147 INTERSTATE SERVICE PROVIDER INC-FMCSA data;
16. PLF00148-150 LANTER DELIVERY SYSTEMS, LLC- FMCSA data;
17. PLF00151-152 Plaintiff's Paystubs;
18. PLF00153-176 Ryder rental agreement;
19. PLF00177-179 TIMELESS LOGISTICAL SOLUTIONS INC- FMCSA data;
20. DEFENDANTS 000001, "Customer Requirements;"
21. PLF00180-248, Plaintiff's 2019 to 2022 Tax Returns, attached;
22. PLF00249-258, Bourque's attorney-client contract and co-counsel agreement;
23. PLF00259-280, April 2023 billing & cost statement for Plaintiff;
24. Any document produced and/or identified during discovery by Defendants;
25. Any document needed for authentication of any evidence; and
26. Any document needed for impeachment or rebuttal purposes.

**INTERROGATORY 21:** Please describe with particularity all damages which you believe you have incurred as a proximate result of the actions you allege in this lawsuit against Defendants.

**ANSWER to No. 21:**

ISP/C Pepper paid Bourque about $20.00 per hour. For every hour that he worked in excess of forty in any particular week he was still only paid $20.00 per hour.  Since being employed by Defendants, Bourque was misclassified as an independent contractor, and was paid $600.00 per week, based on working forty (40) hours every week, without any withholdings from his compensation. Defendants ISP and C. Pepper issued him a 1099 tax form for 2018. Bourque worked a significant amount of overtime, for which he has not been compensated, having worked for ISP from about January 12, 2018 until June 30, 2018. He then worked for C. Pepper from about July 3, 2019 until September 27, 2019. During Bourque's employment with ISP and/or C. Pepper he worked approximately 2,352 regular hours and about 54.25 overtime hours from about July 3, 2018 until August 31, 2019 for which he has never been compensated.  As such he is owed at least $1,627.50 (54.25 x $30.00 per hour). With penalties pursuant to 29 U.S.C. § 216(b), this amount totals **$3,255.00.**

A flat rate of $650.00 was withheld from each of Plaintiff's weekly paychecks despite the fact

that Plaintiff submitted all weekly fuel receipts to C Pepper and ISP for lesser amounts actually spent. According to Bourque's calculations he is owed around **$14,714.13** in fuel reimbursements, for which C Pepper and/or ISP have refused to reimburse him. See PLF00114-144, and PLF00076-90 (Bourque's calculations of fuel deductions). Bourque agreed to a $40.00 per month vehicle fee for six months, from January 2018 until June 12, 2018 pursuant to the ISP contract he signed, which totals $240.00. However, it is unclear if this amount was deducted from his wages for this period of time.

Mr. Bourque declined the permissive physical damage insurance coverage on his tractor/truck as indicated on the Certificate of Insurance appended to the 2019 C Pepper contract. Nevertheless, C Pepper and ISP continuously deducted $50.00 per week from my client's paychecks for this insurance coverage which he did not purchase, such that ISP and C Pepper actively breached the contract entered into between the parties. For the period of January 12, 2018 until September 27, 2019 there are 89 weeks. Accordingly, Mr. Bourque is owed **$4,450.00** ($50.00 x 89 weeks), for which C Pepper and/or ISP have refused to reimburse him.

Mr. Bourque was not advised that any occupational accident insurance would be deducted from his pay, and he did not elect to purchase this optional coverage or otherwise agree to maintain this coverage nor pay for it. Nevertheless, ISP and C Pepper deducted $39.90 per week from Mr. Bourque's paycheck. Accordingly, Mr. Bourque is owed **$3,551.10** ($39.90 x 89 weeks), for which C Pepper and/or ISP have refused to reimburse him.

Further, Bourque is owed reasonable attorneys' fees and court costs pursuant to 29 U.S.C. § 216(b).

**INTERROGATORY 22:** If it is your contention that the alleged actions of Defendants, by and through its authorized agents and employees, as described in Plaintiff's Original Complaint, or any amendment thereto, entitle you to actual and/or compensatory damages, then please describe, in detail, any and all

facts which support this contention. In that regard, please identify any and all documents as well as any and all persons with knowledge to support these facts.

**ANSWER to No. 22:**

Plaintiff objects to this discovery request to the extent that it requires a narrative response more appropriate for a deposition and asks Plaintiff's counsel to reveal their determinations and mental impressions regarding which documents support, or do not support, Plaintiff's claims. See, e.g., *In re Convergent Technologies Security Litigation*, 108 F.R.D 328, 339-40 (N.D. Cal. 1985) (discovery requests should not simply track the allegations in an opponent's pleading, and – to the extent such requests are permissible at all – they must be specifically crafted and well-focused). *Hiskett v. Wal-Mart Stores, Inc.*, 180 F.R.D. 403, 404-05 (D. Kan. 1998)(Courts generally find discovery requests "overly broad and unduly burdensome on their face to the extent they ask for 'every' fact which supports identified allegations or defenses."); *IBP, Inc. v. Mercantile Bank of Topeka*, 179 F.R.D. 316, 321 (D. Kan. 1998)("To the extent [interrogatories] ask for every fact and every application of law to fact which supports the identified allegations, the court finds them overly broad and unduly burdensome."); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007)(Discovery requests "should not require a party to provide the equivalent of a narrative account of its case, including every evidentiary fact, details of testimony of supporting witnesses, and the contents of supporting documents"); *Convergent Technologies*, *supra* at 337 (Discovery requests "that systematically track all the allegations in an opposing party's pleadings [are] a serious form of discovery abuse.").  See also the depositions of Annette Mellano Leblanc, Charles R. Bourque and PLF0001-179.

**INTERROGATORY 23:** If you are seeking an award of any sum of money, whether by damages or otherwise, state the full amount of money you seek and describe the manner in which the amount was calculated. Your description should include each element of damage or component of recovery that you seek, the amount sought for each element or component, the manner in which each element or

component of the calculation was determined, and should identify the source of each number used in the calculation.

**ANSWER to No. 23:**

See answer to interrogatory 21 above.

**INTERROGATORY 24:** Specifically state and identify what attempts have been or were made to mitigate damages.

**ANSWER to No. 24:**

Plaintiff objects to this interrogatory as asking for a legal conclusion and as it seeks privileged attorney-work product protected information by seeking undersigned counsel's mental impressions. See objection to interrogatory number 22 above. Notwithstanding these objections, and without waiving them, see the deposition of Charles R. Bourque.

<u>**REQUESTS FOR PRODUCTION OF DOCUMENTS**</u>

**REQUEST No. 1:** All documents and exhibits that may be introduced by you at trial or may otherwise be relevant in this matter, including:

a.) Documents identified by you in response to Interrogatories or referred to or examined by you in preparing your responses,

b.) Documents provided to you by Defendants related in any way to your employment with Defendants,

c.) Documents containing any procedures, terms and/or conditions of employment with Defendants relied on by you in this legal action, and

d.) Documents that reflect any degrees that you have earned or training you have received.

**RESPONSE to No. 1:**

See answers to interrogatories above, and PLF00001-179, previously produced and attached.

**REQUEST No. 2:** All documents and items with respect to each expert witness you intend to call at trial, evidencing, substantiating, referring or relating to:

    a.) Each expert's factual observations and opinions;

    b.) the subject matter on which each expert is expected to testify;

    c.) A summary of the grounds of each opinion;

    d.) All documents prepared by, provided to, relied upon, or reviewed by any such expert;

    e.) All documents provided to you by each expert, including but not limited to reports, summaries, and correspondence;

    f.) Documents evidencing the hourly rate of each expert, the method of determining the amount to be paid to the expert, billing by the expert to date, the amount currently owed to the expert, and the amount paid to the expert to date; and

    g.) A resume or curriculum vitae or other document summarizing each expert's qualifications within the field or discipline or area in which such expert is expected to testify.

**RESPONSE to No. 2:**

    No expert witnesses have presently been consulted or retained.

**REQUEST No. 3:** All documents of any kind or form whatsoever relating to the work product of any consulting expert whose work will provide the basis, and whole or in part, of the testimony of any expert who will testify as a witness in this case, including, but not limited to, documents evidencing, substantiating, referring or relating to:

    a.) Each expert's factual observations and opinions;

    b.) The subject matter which each expert was consulted;

    c.) A summary of grounds of each opinion;

    d.) All documents prepared by, provided to, relied upon, or reviewed by any such expert;

e.) All documents provided to you buy each expert, including but not limited to reports, summaries, and correspondence;

f.) Documents evidencing the hourly rate of each expert, the method of determining the amount to be paid to the expert, billing by the expert to date, the amount currently owed to the expert, and the amount paid to the expert to date; and

g.) A resume or curriculum vitae or other documents summarizing each expert's qualifications within the field or discipline or area in which such expert was consulted.

**RESPONSE to No. 3:**

No expert witnesses have presently been consulted or retained.

**REQUEST No. 4:** All employment records relating in any way to you, both prior to, during, and subsequent to employment with Defendants, including:

a.) Records relating to the fact and duration of unemployment, records of worker's compensation, unemployment insurance, welfare, and applications for assistance from any governmental agency because of unemployment or ill health.

b.) Records relating to evaluation of work performance, disciplinary action, or discharge, including documents reflecting any "write ups", counseling, warnings, written or verbal reprimands or other discipline relating to you or your cause of action;

c.) Records relating to grievances or employment-related complaints.

**RESPONSE to No. 4:**

Plaintiff objects to the request for any employment records prior to his employment with ISP and C. Pepper as such information is not relevant to any party's claims or defenses and such request is intended only to harass him, is overly burdensome, vague and thus not proportional to the needs of the case under Fed. R. Civ. P. 26. Notwithstanding these objections, see attached.

**REQUEST No. 5:** All investigative files and other documents related to any complaints or charges you have filed against any current or former employer, including but not limited to documents reflecting or relating to allegations or complaints of violations of the FLSA or breach of contract.

**RESPONSE to No. 5:**

Plaintiff objects to the request for any as such information is not relevant, is intended only to harass Plaintiff, is overly burdensome, vague and thus not proportional to the needs of the case under Fed. R. Civ. P. 26. Notwithstanding these objections, undersigned is presently unaware of any such documents.

**REQUEST No. 6:** Copies of any and all petitions, complaints, judgments or other documents filed in any lawsuits in which you are, or have been, named a party in any capacity relating to discrimination, retaliation, harassment or violation of civil rights.

**RESPONSE to No. 6:**

Plaintiff objects to this request as totally irrelevant to any partys' claims or defenses in this breach of contract action under Louisiana state law, La. R.S. 23:631 and action for violations of the Fair Labor Standards Act, 29 U.S.C. § 207, *et seq.*

**REQUEST No. 7:** All documents of any kind or form whatsoever related to or evidencing any claims and/or complaints concerning conduct similar to that claimed in your Complaint.

**RESPONSE to No. 7:**

Plaintiff objects to this request as overly broad and vague in that it cannot be determined what is being requested. Notwithstanding this objection, and without waiving it, Plaintiff is unaware of any responsive documents.

**REQUEST No. 8:** Copies of all statements, declarations or admissions in any form from any individual which you have obtained pertaining to the facts of this lawsuit.

**RESPONSE to No. 8:**

Plaintiff is unaware of any statements or declarations and objects to the request for any "admissions" as vague and to the extent it asks for a legal conclusion. Notwithstanding this objection, and without waiving it, see PLF00001-179 and attached.

**REQUEST No. 9:** Produce any and all correspondence between Anette Mellano and any and all ISP and/or C Pepper employees and/or agents regarding Mr. Bourque.

**RESPONSE to No. 9:**

Plaintiff is presently unaware of any such correspondence.

**REQUEST No. 10:** Any and all documents, correspondence, records, communications and notes between you and Defendants concerning:

a.) Your employment with Defendants;

b.) Any complaints of failure to pay overtime or failure to reimburse expenses made by you;

c.) Each incident of misconduct, violation of work rules, or improper conduct, whether formal or informal brought against you.

**RESPONSE to No. 10:**

Plaintiff objects to the request for any records concerning any "misconduct, violation of work rules, or improper conduct" as specified in part c above as not relevant to any party's claims or defenses, and intended only to harass Plaintiff. Notwithstanding these objections, and without waiving them, Plaintiff is presently unaware of any such documents responsive to part c above. See also PLF00005-25, 26-28, 29-90, 94-144, 151-193, which was previously provided and/or is attached.

**REQUEST No. 11:** All income records for a period of five years prior to the time of the occurrence alleged in your complaint up to and including the present date, whether employed or self-employed, including copies of all federal and state income tax returns with attached schedules relating in any way to income and expense.

**RESPONSE to No. 11:**

Plaintiff objects to this request as vague in that it is not known to what the term "occurrence" refers to, and objects that his income information five years prior to his employment with ISP and/or C Pepper is not relevant. Notwithstanding these objections, and without waiving them, see PLF00050-73, Plaintiff's 2018 income tax records which were previously produced, and PLF00180-248, Plaintiff's 2019- 2022 income tax records attached.

**REQUEST No. 12:** All records and documents related to employment and compensation after that with Defendants, including dates, job classification, rates of pay and total compensation for each year.

**RESPONSE to No. 12:**

See PLF00180-248, Plaintiff's 2019- 2022 income tax records attached.

**REQUEST No. 13:** All personal notes, diaries or chronicles of your alleged overtime and unreimbursed expenses for a period of five years before the date of the occurrence up to the present date.

**RESPONSE to No. 13:**

Plaintiff objects to this request as vague in that it is not known to what the term "occurrence" refers to, and objects that his income information five years prior to his employment with ISP and/or C Pepper is not relevant to any party's claims or defenses. Notwithstanding these objections, and without waiving them, see PLF00114-144 (Plaintiff's fuel receipts), PLF00076-90 (Bourque's fuel deduction calculations), and PLF00094-112 (Plaintiff's overtime pay calculations).

**REQUEST No. 14:** All documents concerning statutory damages that you are seeking, including all statutory references.

**RESPONSE to No. 14:**

Plaintiff objects to this request as vague in that it is not known to what the phrase "documents concerning statutory damages" refers to, such that it is not known what is requested, and objects to this request to the extent it asks for a legal conclusion.

**REQUEST No. 15:** All documents which support your claim for court costs, attorney's fees and expert witness fees, including the representation agreement between you and each attorney with whom you have entered into any representation agreement and records and receipts for all costs you or your attorney have paid to bring and maintain this legal action.

**RESPONSE to No. 15:**

See PLF00249-258, Plaintiff's attorney-client contract and co-counsel agreement, and PLF00259-280, billing and cost records from the undersigned as of April 2023.

**REQUEST No. 16:** All bank statements and canceled checks for all bank and savings and loan checking, money market, n.o.w., savings and other demand deposit accounts in which you have owned any interest for the past five years.

**RESPONSE to No. 16:**

No such documents are presently within the possession, custody or control of Plaintiff's counsel.

**REQUEST No. 17:** All certificates of deposit and receipts for bank time deposits which you now own or in which you owned an interest during the past five years.

**RESPONSE to No. 17:**

No such documents are presently within the possession, custody or control of Plaintiff's counsel.

**REQUEST No. 18:** All statements and receipts for transactions for all accounts with any stock broker or brokerage house in which you have owned any interest for the past five years.

**RESPONSE to No. 18:**

No such documents are presently within the possession, custody or control of Plaintiff's counsel.

**REQUEST No. 19:** All documentation concerning any claim for unemployment compensation, disability, workers compensation, or other assistance program, and the amounts of any such benefits received at any time during the past five years.

**RESPONSE to No. 19:**

To the best of Plaintiff's knowledge and belief, he has not made any  such claims.


Respectfully submitted;

**SMITH LAW FIRM**

_/s/ J. Arthur Smith, IV_
**J. ARTHUR SMITH, III**
La. Bar Roll No. 07730
**J. ARTHUR SMITH, IV**
La. Bar Roll No. 37310
830 North Street
Baton Rouge, Louisiana 70802
Telephone: (225) 383-7716
Facsimile: (225) 383-7773
Email: jasmith@jarthursmith.com
asmithiv@jarthursmith.com


Brian P. Sanford
Texas Bar No. 17630700
bsanford@sanfordfirm.com
Elizbeth "BB" Sanford
Texas Bar No. 24100618
**THE SANFORD FIRM**
1910 Pacific Ave., Suite 15400
Dallas, TX 75201
Ph:   (214) 717-6653
Fax: (214) 919-0113
bsanford@sanfordfirm.com
esanford@sanfordfirm.com

_Counsel for Plaintiff,_
_Charles R. Bourque_

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above Notice of Deposition has this day been served upon all counsel of record as listed below via email :

Mr. Theodore J. Messina III
Mr. David Freudiger
5910 N. Central Expy, Ste 1599
Dallas, TX 75206
jmessina@messinalegal.com
david@messinalegal.com

Mr. J. Ricky LaFleur
120 South State Street
Abbeville, LA 70510
jrickylafleur@hushmail.com

Matthew A. Braunel
Thompson Coburn LLP
One US Bank Plaza
St. Louis, MO 63101
mbraunel@thompsoncoburn.com

Baton Rouge, Louisiana this  23rd  day of May, 2023.

_____/s/ J. Arthur Smith, IV_____
J. Arthur Smith, IV

cc: scheduling@godepo.com